IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Marilyn Sheridan,

        Plaintiff,

v.

Medco Health Solutions, et al.,

        Defendants.

Case No. C2 09 568

Judge Smith
Magistrate Judge Abel

Order

## **ORDER**

The terms of the Agreed Protective Order are hereby approved and adopted as an Order of this Court, subject to reconsideration by the Court in the public interest.

DATED: September 17, 2009

_____
Magistrate Judge Abel

APPROVED:

_____
Lawrence F. Feheley
Kegler, Brown, Hill & Ritter
A Legal Professional Association
65 East State Street, Suite 1800
Columbus, Ohio 43215
Telephone: 614/462-5400
Counsel for Defendant Medco
Health Solutions

_____
Stewart R. Jaffy, Esq.
Jaffy, Stewart & Associates
306 E. Gay St.
Columbus, OH 43215
Counsel for Defendant United Steelworkers

_____
Katharine Shaw
Assistant General Counsel
Five Gateway Center
Pittsburgh, PA 15222
Counsel for Defendant, United
Steelworkers, Local 730

_____
Kendall D. Isaac    (0079849)
The Isaac Firm LLC
5340 East Main Street, Suite 202
Columbus, Ohio 43213
Telephone: 614.755-6540
Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Marilyn Sheridan, :

        Plaintiff, : Case No. C2 09 568

v. : Judge Smith
     Magistrate Judge Abel
Medco Health Solutions, et al., :
     Agreed Protective Order
        Defendants. :

## **AGREED PROTECTIVE ORDER**

To facilitate discovery in this lawsuit, and to protect the parties' interest in the confidentiality of medical, personal, or other business proprietary and sensitive matters, including but not limited to confidential personnel, medical, and financial information, and to eliminate the need for repeated requests that the Court become directly involved in the discovery process, the parties, pursuant to Rule 26 of the Federal Rules of Civil Procedure, hereby stipulate and agree that documents and information produced by the parties in this action shall be subject to the following terms and conditions of this Agreed Protective Order ("Order").

1.    The parties may designate documents for which protected status is claimed by stamping or labeling such document as "Confidential" or "Confidential -- Subject to Protective Order" on the first page of each document or by any other reasonable means of giving notice of the parties' intent to claim protected status for the document. All documents and information produced in this action by any party and designated as confidential shall be subject to the provisions of the Order. Upon the designation of any document as confidential, all copies of such document then or at anytime thereafter in the possession or control of any party to this Order, from whatever source received, shall be subject to the provisions of this Order.

2. All depositions, including any document marked as an exhibit or otherwise appended to the deposition, if designated as "Confidential" by either party at the deposition or at any time prior to the expiration of five days after receipt of a deposition transcript, shall be treated as confidential under the terms of this Protective Order. During the five-day period, all transcripts and the information contained therein will be deemed to be confidential in their entirety under the terms of this Protective Order. Where practical, the party making such a designation will indicate the pages or sections of the transcript that are to be treated as confidential. The party taking the deposition shall retain the original transcript until such time as the filing of the transcript is required by the Court or desired by a party. At such time the confidential portions of the transcript shall be bound and filed under seal with the Court. These sealed transcripts shall be labeled "Confidential". All other copies of the deposition transcripts and the documents appended thereto shall be treated in all respects as any other confidential document under this Order.

3. All interrogatory answers, or other responses to pretrial discovery requests, designated by either party as "Confidential" shall be delivered to the counsel for the party propounding said request without being filed with this Court unless said filing is subsequently ordered by this Court or desired by a party. All documents and/or information designated as Confidential hereunder that is to be filed with this Court shall be filed under seal and labeled "Confidential".

4. Documents and information designated confidential in accordance with this Order shall be used solely for the purpose of this action or appeal, and, unless the Court rules otherwise, such documents or information shall not be disclosed to any person other than (a) counsel of record to any party to this Order; (b) the legal, clerical, paralegal staff, or other staff of such counsel to this action employed during the preparation for and trial of this action; (c) the parties to this Order and the principals, officers, agents and employees of a party; (d) persons retained by either party to this Order to furnish expert services or advice or to give expert testimony in this action (and

their employees); (e) potential witnesses interviewed by counsel for a party; (f) deponents and court reporters in this action; and (g) the Court, Court personnel and jurors. Confidential documents or information disclosed to any such person shall not be disclosed by him/her to any other person not included within the foregoing subparagraphs (a) through (f) of this paragraph. No such documents or information designated as confidential pursuant to this Order shall be used by any such person for any purpose other than for the preparation, trial, appeal and/or settlement of this action. In no event, however, shall any documents or information designated as confidential be disclosed to any employee, agent, representative or anyone closely affiliated with a known competitor of a party, nor shall any documents or information designated as confidential be disclosed to any employer, past employer or potential employer of a party or any employee, agent, representative or anyone closely affiliated with an employer, past employer or potential employer of a party.

5. Any person who is to obtain access to confidential documents or information pursuant to paragraph 4, except for adjudicating personnel and their staffs, and the parties and their employees and agents, shall prior to receipt of such confidential documents or information (a) be informed by the party providing access to such confidential documents or information of the terms of this Order; (b) agree in writing to be bound by the terms of this Order by executing the Agreement attached hereto as Exhibit A; and (c) submit to the authority of this Court for enforcement of this Order. Such agreement and the identity of those to whom confidential documents or information have been disclosed shall be disclosed on demand to any party after the litigation is concluded, but shall otherwise only be disclosed by order of Court.

6. If counsel for a party herein shall hereafter desire to make confidential documents or information available to any person other than those referred to in paragraph 4 above, such counsel shall designate the material involved, identify the person to whom he/she wishes to make disclosure and inform counsel for the opposing party of

their desire. If counsel is subsequently unable to agree on the terms and conditions of disclosure to persons not enumerated in paragraph 4, disclosure may be made only on such terms as the Court may order.

7.  If a party objects to the designation of any document or information as confidential, counsel for the objecting party shall notify all counsel of record of the objection. If disputes regarding the objection cannot be resolved by agreement, counsel may move this Court for an order denying confidential treatment to the documents or information in question. If such a motion is filed, the document or information shall be kept confidential pending ruling on the motion.

8.  In the event that any confidential document or confidential information is included with or in any way disclosed by any pleading, motion, or paper filed with the Court, such confidential document or confidential information shall be filed and kept under seal by the Clerk until further order of the Court. Any use of such confidential document or confidential information or any testimony associated with it shall be held under seal unless the Court orders otherwise.

9.  At the conclusion of trial, or of any appeals or other termination of this litigation, all confidential material received under the protections of this Order (and all copies) shall be retained by counsel in their legal files for a period of one year. At the conclusion of this time period all copies of documents produced by a party to this matter shall be destroyed or returned to the producing party. In the alternative, a party may at the conclusion of this litigation destroy or return to the producing party all confidential material received under the protections of this Order. The provisions of this Protective Order insofar as they restrict the communication and use of confidential material and confidential information shall, without written permission of the producing party or further order of this Court, continue to be binding on all parties and individuals receiving confidential materials after the conclusion of this litigation.

10. Any document, exhibit or transcript designated confidential in accordance with this Order, and which is otherwise admissible, may be used at trial, subject to the terms of this Order, provided that all "confidential" stamps placed on such document, exhibit, or transcript pursuant to this Order may be removed prior to such use at trial by the party seeking to use the document, exhibit or transcript. The removal of the "confidential" stamp under this paragraph, however, shall not affect the confidential status of the document or information under this Order.

11. Nothing contained in this Order, nor any action taken in compliance with it, shall (a) operate as an admission, waiver, or assertion by any witness or person or entity producing documents that any particular document or information is, or is not, privileged, admissible, or confidential or (b) prejudice in any way the right of any party to seek a Court determination of whether or not it is privileged and/or should remain confidential and subject to the terms of this Order. Any party to this Order may request the Court to grant relief from any provision of this Order.

12. An inadvertent or mistaken production of documents or records shall not be interpreted as a waiver by any party of the attorney-client privilege, attorney work product protection, or any other privilege. Any documents, including electronically stored information, that contains confidential or privileged information, and which is inadvertently produced by a party, will be returned by the other party without retaining copies, no waiver will result, and all objections to production or admissibility will remain intact.

13. It is recognized by the parties to this Order that, due to the exigencies of providing numerous documents and the taking of testimony, certain documents or testimony may be designated erroneously as privileged or confidential, or documents or information that are entitled to privileged or confidential treatment may erroneously not be designated as confidential. The parties to this Order may correct their privilege and/or

confidentiality designations, or lack thereof, and shall, at their own expense, furnish to all counsel copies of the documents for which there is a change in designation.

14. Documents or information produced by any party prior to the entry of this Order by the Court shall be subject to the provisions of this Order to the same extent as if such Order had been entered by the Court as of the date such documents or information were produced.

15. Nothing in this Order shall prevent any party from using or disclosing their own documents or information in any way, regardless of whether they are designated confidential.

**AGREED TO AS TO FORM AND CONTENT:**

Dated: September 17, 2009

_____
Kendall D. Isaac
Counsel for Plaintiff

_____
Lawrence F. Feheley
Counsel for Defendant Medco Health Solutions

_____
Katharine Shaw
Assistant General Counsel
Counsel for United Steelworkers, Local 730

_____
Stewart R. Jaffy
Counsel for United Steelworkers

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Marilyn Sheridan, :

        Plaintiff, :    Case No. C2 09 568

v. :    Judge Smith
                                                  Magistrate Judge Abel

Medco Health Solutions, et al., :

        Defendants. :

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

## EXHIBIT A

I, _____, the undersigned, hereby acknowledge that I have received a copy of the Agreed Protective Order ("Order") entered in this action, which is attached hereto as Exhibit 1, have read the Order and agree to be bound by all of the provisions in it. I recognize that during my participation in this case, I may have occasion to read or hear matters which are designated "Confidential" or "Confidential -- Subject to Protective Order." I agree not to disclose any such confidential matter to any person not entitled to receive disclosure of same under the provisions of such Order and to use any such confidential matter solely in connection with my participation in this case. I also agree to return to counsel for the party supplying documents to me, in accordance with the Order, any such confidential materials as soon as my participation in the case is concluded.

Dated:_____

                                                             Signature

                                                             Print Name

                                                             Print Address